STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.S., H.S.-1, K.S.-1, K.S.-2 and G.S.

**No. 16-0747** (Kanawha County 16-JA-94, 16-JA-95, 16-JA-96, 16-JA-97, & 16-JA-98)

**MEMORANDUM DECISION**

Petitioner Father H.S., by counsel Robby N. Long, appeals the Circuit Court of Kanawha County's July 11, 2016, order terminating his parental and custodial rights to A.S., H.S.-1, K.S.-1, K.S.-2 and G.S. and denying his motion for an improvement period.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin R. Louderback, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, the DHHR filed an abuse and neglect petition against petitioner and his girlfriend.[2] Specifically, the petition alleged that the parties engaged in domestic violence in the children's presence and toward the children who lived in the home. The petition also alleged that petitioner had an extensive history with Child Protective Services ("CPS") and recently completed a post-adjudicatory improvement period in a previous abuse and neglect case alleging the same issues. Also, in February of 2016, the circuit court held a preliminary hearing but continued the matter due to scheduling issues. Ultimately, in March of 2016, petitioner waived

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because some of the children and petitioner share the same initials, we will refer to the children as H.S.-1, K.S.-1, and K.S.-2 throughout this memorandum decision.

[2]Petitioner's girlfriend, N.S., is also G.S.'s mother.

1

his right to the preliminary hearing. The circuit court ordered that petitioner participate in domestic violence counseling, submit to random drug screening, and undergo a psychological evaluation. The circuit court further ordered that petitioner have no contact with his girlfriend.

In April of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and the circuit court adjudicated him as an abusing parent. Specifically, petitioner admitted that he engaged in domestic violence in the children's presence. Following the adjudicatory hearing, petitioner filed a written motion for a post-adjudicatory improvement period.

In June of 2016, the circuit court held a dispositional hearing during which it heard testimony that petitioner and his girlfriend continued to have contact with each other, in violation of the circuit court's order. G.S.'s foster mother testified that she saw petitioner and his girlfriend together at the Town Center Mall located in Charleston, West Virginia. The girlfriend testified that she had constant contact with petitioner during the underlying proceedings and requested a domestic violence protective order against him prior to the dispositional hearing. Petitioner admitted to having constant contact with the girlfriend, despite the circuit court's prohibition against the same. He also admitted to meeting her at the Town Center Mall. The circuit court also heard from the children wherein they recounted extensive domestic violence incidents perpetrated by petitioner and his girlfriend against each other and the children.[3] The children expressed fear of petitioner and did not want to return to the home. Further, although he was attending the required parenting and life skills services, petitioner's case worker opined that petitioner would not change his parenting habits based on the worker's observations. He testified that a previous abuse and neglect petition filed against petitioner and his girlfriend contained the same allegations as the current petition. He further testified that petitioner and his girlfriend completed an improvement period in the earlier case and within in a few months the current petition was filed. Additionally, he testified that, despite losing the children, petitioner and his girlfriend would not end their "toxic relationship" with one another. Another provider testified to concerns over the parties' ongoing relationship, especially in light of the children's expressed fear of the parties. As such, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated his parental rights to the children, and denied his motion for a post-adjudicatory improvement period, by order entered on July 11, 2016.[4] It is from that order that petitioner appeals.

---

[3]On March 23, 2016, the circuit court held two separate in-camera interviews with petitioner's two oldest children, who appeared with the guardian. At the dispositional hearing, the prosecuting attorney moved the circuit court to make the transcripts of the children's testimony a part of the record for dispositional purposes. The circuit court granted the motion.

[4]All parental and custodial rights of all parents to G.S. were terminated below. The guardian states that G.S. is in a foster home and the permanency plan is adoption therein. Petitioner's parental rights to A.S., H.S.-1, K.S.-1, and K.S.-2 were terminated below. Additionally, the mother of those children, T.S., is deceased. The guardian states that A.S., H.S.-1, K.S.-1, and K.S.-2, were placed in foster homes and the permanency plan is adoption therein.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.[5]

Petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support of his argument, petitioner asserts that he acknowledged his "problems" and participated in services. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record on appeal that petitioner failed to demonstrate his ability to fully participate in an improvement period. Petitioner has an extensive history of domestic violence. The circuit court was presented with evidence that, despite receiving previous services, petitioner continued to contact his girlfriend and engaged in verbal and physical altercations with her. Petitioner's own testimony supports the circuit court's finding that he was unlikely to make a meaningful change with regard to his parenting issues. It is clear from the record that petitioner failed to accept responsibility for his actions and their impact on the children, as he repeatedly

---

[5]Petitioner does not raise any issue on appeal regarding the circuit court's termination of his parental rights to A.S., H.S.-1, K.S.-1, K.S.-2, and G.S. As such, we do not address those terminations in this memorandum decision.

violated the circuit court's order. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). As such, it is clear that petitioner failed to establish that he was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 11, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker